**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0913n.06

**Case No. 13-1962**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Dec 09, 2014 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GERALD RICHARDS, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE: COLE, Chief Judge; GRIFFIN, Circuit Judge; CARR, District Judge.[*]

COLE, Chief Judge. Gerald Richards received a below-guidelines sentence of 125 months for his participation in a scheme to illegally purchase and distribute controlled prescription drugs. He argues on appeal that his sentence was procedurally and substantively unreasonable because he received a longer sentence than two of his codefendants who he claims were more culpable in the conspiracy. We affirm the sentence because the district court considered Richards's argument and then concluded that under the circumstances—including his criminal history and relative lack of cooperation with the prosecution—Richards warranted a higher sentence than his codefendants.

---

[*] The Honorable James G. Carr, Senior United States District Judge for the Northern District of Ohio, sitting by designation.

## I. BACKGROUND

This case is centered around a conspiracy to procure illegal prescriptions for controlled substances. Starting around 2005, Dr. Shorab Shafinia, through his pain-management practice, wrote prescriptions for controlled substances like OxyContin in exchange for cash. These prescriptions were then filled by codefendant Richard Riozzi, a licensed pharmacist who was aware that the prescriptions were illegitimate. Richards and the other defendants, Stuart Stein and Randell McDaniel, were some of Dr. Shafinia's "patients," purchasing unnecessary prescriptions for themselves and others.

Richards began seeing Dr. Shafinia in late 2005 to manage chronic pain resulting from football injuries and immediately began receiving a prescription for generous amounts of OxyContin. What began as treatment for an apparently legitimate medical need, however, transformed into an addiction which led Richards to illegally seek greater quantities of drugs for himself. Richards also began to use his access to painkillers as a source of income, obtaining illegal prescriptions on behalf of other individuals and referring others to Dr. Shafinia so that they too could illegally acquire prescriptions for controlled substances.

Richards and his codefendants were all indicted in early 2009. Dr. Shafinia was the first to plead guilty in September 2009, quickly followed by Stein. Riozzi and McDaniel pled guilty in early 2010, leaving Richards as the sole remaining defendant for trial. Richards changed his plea to guilty after his criminal trial began in March 2010.

At Richards's first sentencing hearing, the district court calculated that Richards had an offense level of 33 and a criminal history score of II (based on two prior state court convictions). The district court calculated a guideline range of 151 to 188 months and sentenced Richards to 135 months plus three years of supervised release, varying downward from the guidelines based

in part on Richards's participation in charity work. Richards appealed, and this court remanded for resentencing because the district court miscalculated his criminal history score as a II when it should have been I as one of Richards's prior convictions was over ten years old. *United States v. Richards*, 508 F. App'x 444, 450–51 (6th Cir. 2012). Meanwhile, Dr. Shafinia was sentenced to 80 months in prison with a guideline range of 169 to 210 months and a criminal history score of III, while Riozzi was sentenced to 36 months with a guideline range of 135 to 168 months and a criminal history score of I.

At his resentencing, the district court calculated his adjusted guideline range as 135 to 168 months. Richards argued that Dr. Shafinia and Riozzi were both more culpable in the underlying conspiracy than he was, and so it would be unwarranted to impose a more severe sentence on him than on his codefendants. Richards essentially argued that, before making adjustments for his criminal history or cooperation with the prosecution, the district court should start from a baseline sentence proportionate to his codefendants' sentences in light of his own comparative culpability in the underlying conspiracy. The district court found that Richards's sentence need not be proportionate to his codefendants because there were reasons to distinguish them from Richards. Specifically, the district court noted that Dr. Shafinia and Riozzi accepted "responsibility for their criminal conduct at an early stage of the proceedings, whereas it appears that Mr. Richards did not," and that considering "the full breadth of Mr. Richards's conduct he has a worse criminal history" than his codefendants. (Resentencing Hearing, R. 164, PageID 1167.) The district court then sentenced Richards to 125 months incarceration with time served and three years of supervised release. At the conclusion of the resentencing hearing, the district court asked if anyone objected to the sentence and Richards's counsel replied that he did not.

## II. ANALYSIS

### A. Standard of Review

Which standard of review applies to a defendant's challenge to the procedural reasonableness of a sentence depends on whether the defendant preserved that challenge for appeal. *United States v. Herrera-Zuniga*, 571 F.3d 568, 578 (6th Cir. 2009). Under this court's decision in *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), a district court must "ask the parties whether they have any objections to the sentence . . . that have not previously been raised." *Id.* The purpose of the *Bostic* question is twofold: to allow parties a chance to raise objections not previously raised, *United States v. Freeman*, 640 F.3d 180, 186 (6th Cir. 2011), and, critically, to allow the district court an opportunity to address and "correct[] any error . . . on the spot." *Bostic*, 371 F.3d at 873. Accordingly, in general, defendants can preserve challenges to the procedural reasonableness of their sentence when: (1) the district court addresses a procedural-reasonableness claim the defendant raised prior to asking the *Bostic* question; or (2) the district court addresses a procedural-reasonableness claim after asking the *Bostic* question—in this scenario, the claim could be one raised for the first time after the district court asks the *Bostic* question, or it could be a previously developed claim that the district court failed to address prior to asking the *Bostic* question. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc); *United States v. Simmons*, 587 F.3d 348, 354–55 (6th Cir. 2009). When determining whether a party has adequately preserved a claim for appeal, this court examines the record "with an eye to the realities of the facts and circumstances of each sentencing proceeding." *United States v. Morgan*, 687 F.3d 688, 694 (6th Cir. 2012) (internal citation and quotation marks omitted).

Richards claims on appeal that he does not deserve as harsh a sentence as his codefendants because he was less culpable; he argues that the district court's sentence resulted in an unfair disparity among he and his codefendants. He made that argument in the district court. (Resentencing Hearing, R. 164, PageID 1139–44.) The district court addressed this argument and rejected it, noting that, unlike Richards, his codefendants had accepted responsibility for their conduct, and unlike Richards, his codefendants had not lied about their conduct or attempted to intimidate anyone in connection with the case. (Resentencing Hearing, R. 164, PageID 1144–45.) Thus, because defendant raised his disparity argument at sentencing and the district court addressed it, he has preserved this issue for appeal. A defendant is not required to re-object at the point of the *Bostic* question to an issue that the district court previously addressed.

This court reviews for an abuse of discretion preserved procedural-reasonableness claims. *Freeman*, 640 F.3d at 186; *see also United States v. Bates*, 552 F.3d 472, 476 (6th Cir. 2009). Under this standard, '[t]he district court's legal interpretation[s] of the Guidelines are reviewed de novo, but its factual findings will not be set aside unless they are clearly erroneous.'" *Morgan*, 687 F.3d at 693 (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). "An abuse of discretion occurs when the reviewing court is left with the definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Hunt*, 521 F.3d 636, 648 (6th Cir. 2008).

Unlike with a procedural-reasonableness claim, a defendant is not required to preserve a substantive-reasonableness claim for appellate review. *United States v. Houston*, 529 F.3d 743, 755 (6th Cir. 2008). Accordingly, all challenges to the substantive reasonableness of a sentence are reviewed for an abuse of discretion. *Id.*

### B. Procedural Reasonableness

Richards contends that his sentence was procedurally unreasonable because the district court "completely failed to acknowledge" his argument that a significant disparity in the sentences between Richards and his codefendants would be unwarranted. For a sentence to be procedurally reasonable, if a defendant has raised a particular nonfrivolous argument in seeking a lower sentence then "the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Grapinski*, 561 F.3d 467, 474 (6th Cir. 2009) (quoting *United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007)). "[T]he question is whether the record makes clear that the sentencing judge listened to each argument, considered the supporting evidence, was fully aware of the defendant's circumstances and took them into account in sentencing him." *Vonner*, 516 F.3d at 387 (internal quotation marks omitted). Here the sentence was procedurally reasonable because the district court specifically rejected Richards's argument that a sentencing disparity between him and his codefendants was unwarranted.

We are guided by our decision in *United States v. Wallace*, 597 F.3d 794 (6th Cir. 2010). Like Richards, Wallace was part of a conspiracy to distribute OxyContin, and, also like Richards, she received a significantly longer sentence than her codefendant, White-Barber, despite arguing that she was less culpable. 597 F.3d at 797, 802. We found Wallace's sentence to be procedurally unreasonable under plain error review because the district court "did not make even a cursory mention of the disparity in sentences between White-Barber and Wallace." *Id.* at 804. We found unpersuasive the government's proffered justifications for the sentencing disparity because those "justifications, while offered by the government at the sentencing hearing, were never adopted or even acknowledged by the district judge." *Id.* at 802. This case is distinct from

*Wallace*, however, because the district court here explicitly discussed and rejected Richards's argument concerning sentencing disparity.

Richards argued at sentencing that his relative culpability in the conspiracy should have been central to the district court's consideration. Rather than ignoring these arguments, as the sentencing judge did in *Wallace*, the district court here found that there were several distinctions between Richards and his codefendants that justified sentencing him differently, including his criminal background and lack of cooperation with the prosecution. While we found the sentence in *Wallace* to be procedurally unreasonable because "[n]owhere in the sentencing hearing did the district judge discuss why sentencing Wallace to twice as long as White-Barber was appropriate," *id.* at 802, here the district court directly addressed the sentencing disparity.

Richards contends that the district court's discussion at his resentencing was nevertheless procedurally unreasonable for two reasons. First, he contends that the district court's analysis was merely a recitation of the government's arguments in favor of sentencing disparity, citing to a passage in *Wallace* where we noted that the "government can only point to issues it raised itself to explain the discrepancy." *Id.* at 806. This is a misreading of *Wallace*, where the issue was not that the arguments in favor of a sentencing disparity originated from the government, but that the district court itself never considered the issue of sentencing disparity at all. *See id.* Here the district court largely adopted the government's position, but only after consideration of arguments by both Richards and the government. This is not procedural error.

Second, Richards contends that the reasons given by the district court for sentencing him differently from his codefendants were not responsive to the gravamen of his argument. Richards argued at sentencing that his criminal history and relative lack of cooperation with the prosecution—the district court's principal justifications for sentencing him differently from his

codefendants—should have instead been taken into account only after calculating a baseline sentence by reference to his codefendants' sentences in light of Richards's own relative culpability. But by finding that Richards was differently situated than his codefendants, the district court effectively rejected the notion that their sentences were an appropriate baseline for Richards at all, and so the district court was not required to further consider his relative culpability when determining his sentence. Thus, the district court's sentence was not an abuse of discretion.

We find no error that would render Richards's sentence procedurally unreasonable because the district court considered his argument concerning sentencing disparity and explained its basis for rejecting it.

## C. Substantive Reasonableness

"For a sentence to be substantively reasonable, it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purpose of [18 U.S.C.] § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (internal quotation marks omitted). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* at 510 (internal quotation marks omitted). Richards contends that his sentence was substantively unreasonable because it was arbitrarily disproportionate to his codefendants' sentences and because the district court gave too much weight to his criminal history. Neither argument has merit.

Richards contends that the disparity between his sentence and those of his codefendants makes his sentence substantively unreasonable because it is not "proportionate to the seriousness

of the offense" in light of his relatively minor role in the conspiracy. But to be substantively reasonable a sentence must be proportionate to the *offense*, not necessarily to the sentences of other defendants, particularly where, as here, the district court finds significant differences between the defendants. *Cf. id.* at 513 (finding that a "large disparity in [codefendants'] sentences is not unwarranted" where they "do not have similar records and did not actually engage in the same conduct"). Here the presentencing report (to which Richards did not object) suggested that Richards actually played a more central role in the conspiracy than the other defendants, and in any event the district court found that his criminal history and lack of cooperation with the prosecution were, taken together "a justifiable basis for distinguishing Doctor Shafinia and Mr. Riozzi from Mr. Richards." (Resentencing Hearing, R. 164, PageID 1168.) Thus it was not substantively unreasonable for the district court to give Richards a sentence that was based on the sentencing guidelines and his own circumstances rather than a sentence based on those of the other defendants.

Finally, Richards contends that the district court placed unreasonable weight on his criminal history. Specifically, Richards points to the fact that Dr. Shafinia had a more serious criminal history category than he did (category III to Richards's I) to show that it was unreasonable for the district court to use his criminal history as a reason for sentencing Richards more harshly than his codefendants. But this mischaracterizes the district court's findings. The district court distinguished Richards from his defendants, in part, because when it "considered the full breadth of Mr. Richards's conduct he has a worse criminal history." (Resentencing Hearing, R. 164, PageID 1167.) In context it is clear that the district court was not referring to Richards's criminal history *score*, but to the "full breadth" of his criminal conduct, whether or not it resulted in criminal history points under the sentencing guidelines. In any case, the district

court did not rely solely on Richards's criminal history to differentiate him from his codefendants, but also found that he was less cooperative with the prosecution.

In sum, the record shows that the district court did not sentence Richards arbitrarily, but considered each of his arguments (including sentencing disparity), the sentencing guidelines, his criminal history, and his level of cooperation with the prosecution. Therefore there is nothing to suggest that Richards's below guidelines sentence was substantively unreasonable.

### III. CONCLUSION

For the foregoing reasons, we affirm Richards's sentence.