NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0260n.06

## No. 18-5814

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | May 20, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| JUSTIN HECTOR, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

**BEFORE: DAUGHTREY, GRIFFIN, and STRANCH, Circuit Judges.**

**PER CURIAM.** Justin Hector, a federal prisoner represented by counsel, appeals the district court's judgment revoking his term of supervised release. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In 2011, Hector pleaded guilty to possession of stolen firearms and being a felon in possession of a firearm. The district court sentenced him to 84 months of imprisonment, to be followed by 3 years of supervised release. Hector did not appeal.

Following his release, Hector was charged with violating the conditions of his supervised release. Hector was charged with: (1) committing another federal, state, or local crime (June 10, 2017, theft); (2) failing to submit required written reports from May 2017 through September 2017; (3) failing to notify his probation officer ten days prior to any change in residence; (4) failing to pay scheduled restitution on several occasions; (5) committing another federal, state, or local

crime (November 7, 2017, possession with intent to distribute methamphetamine); (6) committing another federal, state, or local crime (October 11, 2017, aggravated burglary); (7) committing another federal, state, or local crime (November 7, 2017, theft); (8) committing another federal, state, or local crime (October 23, 2017, domestic assault); and (9) committing another federal, state, or local crime (February 16, 2018, aggravated burglary). The government dropped violations (1) and (8), and Hector pleaded guilty to violations (2), (3), and (4). The government then presented evidence in support of violations (5), (6), (7), and (9). The district court found that the government failed to prove violation (7) but convicted Hector of violations (5), (6), and (9). The district court sentenced Hector to 37 months' imprisonment with no term of supervised release.

On appeal, Hector argues that the government failed to carry its burden to prove by a preponderance of the evidence that Hector had possessed methamphetamine with the intent to distribute (violation (5)). Hector contends that if his possession-with-intent-to-distribute violation is vacated, the district court would be required to resentence him because this violation was the only grade A violation, *see* USSG § 7B1.1, p.s., which resulted in an advisory Guidelines range of 30 to 37 months when combined with his criminal history category of V, *see* USSG § 7B1.4, p.s. Without it, his Guidelines range would have been only 18 to 24 months' imprisonment.

We review a district court's decision to revoke supervised release for an abuse of discretion, its underlying factual findings for clear error, and its legal conclusions de novo. *United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009) (citing *United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000); *United States v. Crace*, 207 F.3d 833, 835 (6th Cir. 2000); and *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006)). The district court may revoke a term of supervised release after a final hearing if it finds by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3); *United States v.*

*Givens*, 786 F.3d 470, 471 (6th Cir. 2015). When considering whether this standard is met, this court will "not weigh the evidence, consider the credibility of witnesses or substitute [its] judgment for that of the jury." *United States v. Blakely*, 708 F. App'x 265, 268 (6th Cir. 2017) (quoting *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993)). Revocation hearings are "more flexible than a criminal trial," and courts may rely on any relevant evidence, including hearsay that is proven to be reliable. *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991).

The district court did not clearly err in finding that Hector possessed approximately one gram of methamphetamine. Sergeant Miller testified that, after a traffic stop on November 7, 2017, officers found approximately one gram of methamphetamine in a car cup holder next to where Hector was taken into custody. Hector testified, on the other hand, that he possessed only 0.3 or 0.4 grams of methamphetamine, intended for personal use. Miller admitted that he did not personally investigate the drug charge, speak to the arresting officer about the drug charge, test or weigh the drugs, or interview Hector about the drug charge. Nonetheless, the district court did not clearly err by concluding that, in the context of a revocation hearing, Miller's testimony concerning the police report and quantity of methamphetamine was sufficiently reliable and crediting it. *See id.* This is particularly true in light of the district court's finding that the overall testimony of Hector and his girlfriend concerning the violations was "a concocted story" and not believable.

The mere possession of one gram of methamphetamine alone, however, was insufficient as a matter of law to support the district court's conclusion that Hector intended to distribute the drugs. The government alleged that Hector had violated Tennessee Code Annotated § 39-17-434(a)(4), which prohibits knowingly possessing methamphetamine with the intent to manufacture, deliver, or sell it. That means that we must focus on Tennessee law, not federal law (which the parties rely on in their briefs). *See*, *e.g.*, *United States v. Williams*, 473 F. App'x 481,

483–88 (6th Cir. 2012) (examining Michigan caselaw when reviewing the revocation of a defendant's supervised release based on a finding that the defendant violated his release conditions by possessing marijuana with the intent to deliver it, in violation of Michigan law). And under Tennessee law, drug quantity, alone, cannot support a finding of intent to deliver or sell. *See* Tenn. Code Ann. § 39-17-419 ("It may be inferred from the amount of a controlled substance or substances possessed by an offender, *along with* other relevant facts surrounding the arrest, that the controlled substance or substances were possessed with the purpose of selling or otherwise dispensing.") (emphasis added); *see also State v. Belew*, 348 S.W.3d 186, 191 (Tenn. Crim. App. 2005) (holding that the Tennessee legislature's use of the words "along with" meant that an inference of intent to deliver or sell requires more than just drug quantity). To be sure, the district court also relied on Hector's indictment for violation of § 39-17-434 as well. But under Tennessee law, an indictment "raises no presumption of guilt" because it is "a mere accusation to inform the jury of the charges against the defendant." *State v. Bane*, 853 S.W.2d 483, 484 (Tenn. 1993).

Because the record does not support an inference that Hector intended to distribute a controlled substance, the district court erred in finding that he committed a Grade A violation of supervised release. *See* USSG §§ 4B1.2(b), 7B1.1(a)(1), p.s. And because this error affected the calculation of the Guidelines range, the sentence imposed was procedurally unreasonable. *See Kontrol*, 554 F.3d at 1092; *United States v. Houston*, 529 F.3d 743, 753 (6th Cir. 2008). Accordingly, we **VACATE** the district court's judgment and **REMAND** for resentencing.